IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CHARLES CATON and
BARBARA CATON,

       Plaintiffs,

v.                                                    Civil Action No. 3:06-CV-75
                                                     (JUDGE BAILEY)

GREEN TREE SERVICING, L.L.C.,

       Defendant.

## ORDER DENYING MOTION FOR ATTORNEY FEES

### I. Introduction

Plaintiffs filed their Motion for Attorney Fees[1] August 24, 2007. Defendant filed its response[2] on September 7, 2007. Plaintiffs filed a reply[3] September 14, 2007. An evidentiary hearing and argument was held October 18, 2007.

### II. Contentions of the Parties

Plaintiffs seek attorneys fees as reasonable expenses under Fed. R. Civ. P. 37(a) (4)(C) claiming the court should award them apportioned reasonable expenses because their motion was granted in part and denied in part. Plaintiffs contend they were forced to spend considerable time and resources to obtain a court order requiring defendant to provide discovery it was required to provide as a matter of law. Plaintiffs contend they prevailed on eleven of fourteen issues.

---

[1] Doc. No. 81.

[2] Doc. No. 85.

[3] Doc. No. 86.

On the other side of Judge Pryor's[4] coin defendant claims that it was the prevailing party on the overwhelming majority of the issues because it had offered to produce the financial information related to the punitive damage claim under seal which was what the court ultimately ordered.

III. Discussion

Fed. R. Civ. P. 37 (a)(4)(C) provides if a motion to compel is granted in part and denied in part the Court may enter a protective order under Rule 26(c) and after affording an opportunity to be heard apportion expenses among the parties and persons in a just manner.

The facts are that defendant was ordered by the Court to respond to a majority of the 14 discovery items in dispute. Of the discovery items, which defendant was ordered to respond to, the Court ordered defendant to respond to five of the items that were to be filed under seal because the matters related to the issue of punitive damages. At the hearing, counsel for the plaintiff conceded that counsel for the defendant made the offer to file the responses to those items under seal prior to the filing of the motion to compel. Therefore, defendant prevailed on those issues. In summary, plaintiff and defendant each prevailed on about half the items in dispute. It was not the finest hour for either. Both advanced positions in this matter that were not substantially justified legally. It would be unjust to award expenses to one party and not the other. Accordingly, the motion for attorneys fees is **DENIED**.

---

[4] Judge Pryor, who died tragically at a very young age, was a great circuit judge of West Virginia's First Judicial Circuit whose instructions to the jury always stated plaintiff's claims and then would introduce defendant's claims with the words "on the other side of the coin." For those interested in political history, Judge Pryor had attended Harvard with President Kennedy and it was he who ran President Kennedy's primary campaign in West Virginia's most northern four counties against Hubert Humphrey. When Kennedy, a Roman Catholic, won the West Virginia primary, against Humphrey, a Protestant, the self-appointed experts in the national media concluded a Roman Catholic could be elected President.

Any party who appears pro se and any counsel of record, as applicable, may, within ten (10) days from the date of this Order, file with the Clerk of the Court an original and two (2) copies of the written objections identifying the portions of the Order to which objection is made, and the basis for such objection. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

The Clerk of the Court is directed to provide a copy of this Order to parties who appear pro se and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: November 1, 2007

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE