# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

CHARLES CATON and
BARBARA CATON,

    Plaintiffs,

v.                                                                CIVIL ACTION NO. 3:06-CV-75
                                                                     (BAILEY)

GREEN TREE SERVICING, L.L.C.,

    Defendant.

## MEMORANDUM ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT AND GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNTS 2, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, AND 23

Pending before this Court is Defendant Green Tree Servicing, L.L.C.'s ("Green Tree") Renewed Motion for Partial Summary Judgment (Doc. 101) and Plaintiffs' Motion for Partial Summary Judgment on Counts 2, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, and 23 (Doc. 99). Both motions have been fully briefed and are ripe for decision.

In this action, the plaintiffs seek damages from Green Tree for alleged violations of the West Virginia Consumer Credit and Protection Act ("WVCCPA") in connection with a loan secured by Anthony Caton to purchase a manufactured home. An amended complaint was filed on December 13, 2007 (Doc. 112).

Inasmuch as both parties filed for summary judgment on a number of the counts, this Court will address both motions on a count by count basis.

1

## Count 1

In Count 1 of the Amended Complaint, the plaintiffs allege that Green Tree faxed a collection letter to Barbara Caton on January 28, 2005, stating that "her" loan was in default. There is no dispute that the loan in question was made to Mrs. Caton's son, Anthony Caton. Green Tree seeks summary judgment on this claim by stating that both Anthony Caton and Barbara Caton had informed Green Tree that they were both liable for the debt, that Barbara Caton was Anthony's agent, and that Barbara Caton is now estopped from claiming that she does not owe on the debt. This defense is simply inadequate. Green Tree knew full well that only Anthony Caton had signed the loan documents and that legally only Anthony Caton was liable for the debt. Furthermore, even if Barbara Caton were an agent of Anthony Caton, an agent is not responsible for the contractual debts of the principal. In addition, Barbara Caton is not estopped from denying that she is liable on the debt, since Green Tree was aware of who was signatory to the debt instruments. Accordingly, Green Tree's motion as to Count 1 will be denied. Plaintiffs did not seek summary judgment on Count 1.

## Count 2

In Count 2, the plaintiffs allege that on July 18, 2005, Green Tree mailed a letter to Barbara Caton stating that her loan had been referred for legal action and that her payments were delinquent. Green Tree raises the same arguments as those raised with respect to Count 1. Accordingly, Green Tree's motion as to Count 2 will be denied. The plaintiffs' motion as to Count 2 will be granted. The July 18, 2005, letter clearly falsely misrepresents that Barbara Caton owes the debt, in violation of West Virginia Code § 46A-2-127(d).

**Count 3**

In Count 3, the plaintiffs allege that on August 15, 2005, Green Tree sent a letter to Barbara and Charles Caton, as occupants of the home, giving them an opportunity to voluntarily vacate the property and stating that if they did not vacate, Green Tree would commence eviction proceedings. This letter further states that "Green Tree contracted with Anthony E. Caton, not you, to finance the purchase of this home."

Green Tree seeks summary judgment on the basis that inasmuch as the loan was in default and it was entitled to foreclose upon the home, it was entitled to evict the residents, no matter who they were. This Court agrees. Accordingly, Green Tree's motion as to Count 3 will be granted. Plaintiffs did not seek summary judgment on this count.

**Count 4**

In Count 4, the plaintiffs allege that on September 29, 2005, Green Tree sent a letter to Barbara and Charles Caton, as occupants of the home, giving them an opportunity to voluntarily vacate the property and stating that if they did not vacate, Green Tree would commence eviction proceedings. This letter further states that "Green Tree contracted with Anthony E. Caton, not you, to finance the purchase of this home."

Green Tree seeks summary judgment on the basis that inasmuch as the loan was in default and it was entitled to foreclose upon the home, it was entitled to evict the residents, no matter who they were. This Court agrees. Accordingly, Green Tree's motion as to Count 4 will be granted. Plaintiffs did not seek summary judgment on this count.

**Count 5**

In Count 5, the plaintiffs allege that on October 11, 2005, Green Tree mailed a letter to Barbara Caton stating that her account was in default and providing an opportunity to bring the account current. Green Tree raises the same arguments as those raised with respect to Count 1. Accordingly, Green Tree's motion as to Count 5 will be denied. The plaintiffs did not move for summary judgment on this count.

**Count 6**

In Count 6, the plaintiffs allege that on October 13, 2005, Green Tree mailed a letter to Barbara Caton stating that her loan had been referred for legal action and that her payments were delinquent. Green Tree raises the same arguments as those raised with respect to Count 1. Accordingly, Green Tree's motion as to Count 6 will be denied. The plaintiffs' motion as to Count 6 will be granted. The October 13, 2005, letter clearly falsely misrepresents that Barbara Caton owes the debt, in violation of West Virginia Code § 46A-2-127(d).

**Count 7**

In Count 7, the plaintiffs allege that on October 14, 2005, Green Tree mailed a letter to Ms. Caton stating that her loan was in default and providing her an opportunity to bring her account current. Green Tree raises the same arguments as those raised with respect to Count 1. Accordingly, Green Tree's motion as to Count 7 will be denied. The plaintiffs' motion as to Count 7 will be granted. The October 14, 2005, letter clearly falsely misrepresents that Barbara Caton owes the debt, in violation of West Virginia Code § 46A-2-127(d).

**Count 8**

In Count 8, the plaintiffs allege that on October 20, 2005, Green Tree mailed a letter to Barbara Caton stating that her loan had been referred for legal action and that her payments were delinquent. Green Tree raises the same arguments as those raised with respect to Count 1. Accordingly, Green Tree's motion as to Count 8 will be denied. The plaintiffs' motion as to Count 8 will be granted. The October 20, 2005, letter clearly falsely misrepresents that Barbara Caton owes the debt, in violation of West Virginia Code § 46A-2-127(d).

**Count 9**

In Count 9, the plaintiffs allege that sometime in the fall of 2005, Green Tree called Barbara Caton's mother, Phyllis Clark, and asked her to have Barbara and Charles Caton call Green Tree. Despite having listed Count 9 in its motion, Green Tree makes no argument why it should receive summary judgment on this count. The plaintiffs have also moved for summary judgment on this count. In her deposition, Ms. Clark testified that the Green Tree representative told her that she wanted to get in contact with Barbara Caton and that she needed to get caught up on her trailer payments or Green Tree would repossess the home. In response, Green Tree states that such a phone call would be a violation of its policies and that an employee who made such a call would be disciplined. Green Tree does not present the affidavit of the person making the call to rebut Ms. Clark's testimony. This Court finds that the fact that a company has a policy does not controvert testimony that an event happened. Accordingly, Green Tree's motion will be denied, and the plaintiffs' motion will be granted.

**Count 10**

In Count 10, the plaintiffs allege that approximately two months after the call alleged in Count 9, Green Tree called Barbara Caton's mother and told her that if Barbara and Charles Caton did not pay a sum of money in ten days, Green Tree was going to repossess their home. Despite having listed Count 10 in its motion, Green Tree makes no argument why it should receive summary judgment on this count. The plaintiffs moved for summary judgment on this count. Ms. Caton's testimony in her deposition confirmed the allegation of the Amended Complaint. Green Tree again argues that it has a policy against such a call. As noted previously, this is insufficient to rebut the testimony of Ms. Clark. Accordingly, Green Tree's motion will be denied, and the plaintiffs' motion will be granted.

**Count 11**

In Count 11, the plaintiffs allege that in the second half of 2005, Green Tree called Vivianne Crowell, the owner of the property upon which the home was placed, and demanded that Ms. Crowell tell Barbara and Charles Caton to send payments by a certain date or Green Tree would repossess their trailer. In this count, the plaintiffs allege that this conduct violates West Virginia Code § 46A-2-126(c). In her deposition, Ms. Crowell confirmed the substance of the telephone call. The defendant's reliance on company policy is insufficient to rebut the testimony. Accordingly, Green Tree's motion will be denied, and the plaintiffs' motion will be granted.

**Count 12**

In Count 12, the plaintiffs argue that the same conduct that forms the basis of Count 11 also violates West Virginia Code § 46A-2-124(b). This Court agrees. While Green Tree

6

argues that the Catons were not disgraced, the statute only requires that the information "would tend to disgrace" the person. Ms. Crowell testified that Barbara Caton was "more than embarrassed." Accordingly, Green Tree's motion will be denied, and the plaintiffs' motion will be granted.

**Count 13**

In Count 13, the plaintiffs allege that at another time in the second half of 2005, Green Tree called Vivianne Crowell a second time and demanded that Ms. Crowell tell Barbara and Charles Caton to send payments by a certain date or Green Tree would repossess their trailer. In this count, the plaintiffs allege that this conduct violates West Virginia Code § 46A-2-126(c). In her deposition, Ms. Crowell confirmed the substance of the telephone call. The defendant's reliance on company policy is insufficient to rebut the testimony. Accordingly, Green Tree's motion will be denied, and the plaintiffs' motion will be granted.

**Count 14**

In Count 14, the plaintiffs argue that the same conduct that forms the basis of Count 13 also violates West Virginia Code § 46A-2-124(b). This Court agrees. While Green Tree argues that the Catons were not disgraced, the statute only requires that the information "would tend to disgrace" the person. Ms. Crowell testified that Barbara Caton was "more than embarrassed." Accordingly, Green Tree's motion will be denied, and the plaintiffs' motion will be granted.

**Count 15**

In Count 15, the plaintiffs allege that for the third time in 2005, Green Tree called

7

Vivianne Crowell and told Crowell that Barbara and Charles Caton were behind on their payments and Green Tree had no choice but to remove the trailer from her property. In this count, the plaintiffs allege that this conduct violates West Virginia Code § 46A-2-126(c). In her deposition, Ms. Crowell confirmed the substance of the telephone call. The defendant's reliance on company policy is insufficient to rebut the testimony. Accordingly, Green Tree's motion will be denied, and the plaintiffs' motion will be granted.

**Count 16**

In Count 16, the plaintiffs argue that the same conduct that forms the basis of Count 15 also violates West Virginia Code § 46A-2-124(b). This Court agrees. While Green Tree argues that the Catons were not disgraced, the statute only requires that the information "would tend to disgrace" the person. Ms. Crowell testified that Barbara Caton was "more than embarrassed." Accordingly, Green Tree's motion will be denied, and the plaintiffs' motion will be granted.

**Count 17**

In Count 17, the plaintiffs allege that in the second half of 2005, Green Tree called Barbara Caton's place of employment, spoke with a fellow employee, and asked the fellow employee to tell Barbara Caton to call him about a business arrangement. The plaintiffs allege that this call violated West Virginia Code § 46A-2-126(a). Green Tree moves for summary judgment on the basis that it did not disclose any information about a debt. This Court agrees. The call as described does not violate § 126(a) of the WVCCPA. Green Tree will be granted summary judgment on this count. The plaintiffs did not move for judgment on this count.

**Count 18**

In Count 18, the plaintiffs allege that another call in the second half of 2005, which is essentially the same as the first call violates the WVCCPA. For the same reasons stated with respect to Count 17, Green Tree will be granted summary judgment on this count. The plaintiffs did not move for judgment on this count.

**Count 19**

Neither party moved for summary judgment with respect to this count.

**Count 20**

In Count 20, the plaintiffs allege that a Green Tree representative named "Jasmine" called Barbara Caton and, during the call, called Ms. Caton a "m----- f-----" along with other terms such as "trailer trash." Green Tree raises the same defenses as it did to Counts 1, 2, 5, 6, 7, and 8. For the same reasons, Green Tree's motion is denied. The plaintiffs did not move for summary judgment on this count.

**Count 21**

In Count 21, the plaintiffs allege that Green Tree violated the WVCCPA by hiring legal counsel to write a letter to the plaintiffs representing that it intended to repossess the home when, in fact, they had no intention of doing so. This Court finds that a genuine issue of fact exists with regard to this claim. Accordingly, Green Tree's motion is denied. The plaintiffs did not move for summary judgment on this claim.

**Counts 22 and 23**

Neither party has moved for summary judgment on either of these counts.

**Count 24**

Count 24 is a claim for the tort of outrage. Based upon the state of the record at this point, this Court will not grant summary judgment on this count. Accordingly, Green Tree's motion will be denied. Plaintiffs did not move for summary judgment on this count.

For the reasons stated above, this Court **GRANTS** Defendant's Renewed Motion for Partial Summary Judgment (Doc. 101) with respect to Counts 3, 4, 17 and 18. This Court **DENIES** the Motion with respect to Counts 1, 2, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 20, 21 and 24.

This Court **GRANTS** the Plaintiffs' Motion for Partial Summary Judgment on Counts 2, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, and 23 (Doc. 99) with respect to Counts 2, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16. This Court **DENIES** the Motion with respect to Count 23.

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to counsel of record herein.

**DATED:** January 25, 2008.

JOHN PRESTON BAILEY
UNITED STATED DISTRICT JUDGE